56 5898

14

will attach A

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

PETERS BROTHERS FARMS,
a Michigan Co-Partnership,

        Plaintiff,

v.

SYNGENTA CROP PROTECTION, INC.,
A Foreign Corporation,

        Defendants.

Case: 2:08-cv-10054
Judge: Zatkoff, Lawrence P
Referral MJ: Morgan, Virginia M
Filed: 01-03-2008 At 03:14 PM
REM PETERS BROTHERS FARMS V. SYNGENTA CORP (TAM)

**NOTICE OF REMOVAL**
Case No. _____

(Removed from the Circuit Court for the County of St. Clair, State of Michigan, Civil Action File No. K-07003121 NP)

To: David J. Weaver
Court Administrator/Clerk of Court
United States District Court for the Eastern District of Michigan
Theodore Levin U.S. Courthouse
231 West Lafayette Boulevard, Room 564
Detroit, Michigan 48226

NOW COMES Defendant Syngenta Crop Protection, Inc. ("Syngenta") in the above-captioned matter which is currently pending in the Circuit Court for the County of St. Clair, State of Michigan, by and through counsel, and files this Notice of Removal of the foregoing action to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. §§ 1441 and 1446. Syngenta respectfully shows the Court the following:

1. On December 7, 2007, Plaintiff's initial pleading, the Complaint, was served upon Syngenta by certified mail addressed to Syngenta's principal place of business in Greensboro, North Carolina. The Complaint sets forth Plaintiff's asserted claims for relief in the Circuit Court for the County of St. Clair, State of Michigan. True and correct copies of the Summons and Complaint are attached as Exhibit A.

2. The time for filing an Answer or other response to the Plaintiff's Complaint has not expired.

3. The foregoing action is a civil action in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. Syngenta is a Delaware corporation with its principal place of business in North Carolina. Plaintiff is a Michigan co-partnership with its principal place of business in Michigan. (Exhibit A, paragraph 1 of Plaintiff's Complaint). As a result, complete diversity of citizenship exists between the parties.

4. Further, the amount in controversy between the parties exceeds $75,000, exclusive of fees, interests and costs, as Plaintiff has asserted in its Complaint that its damages are in excess of $100,000. (Exhibit A, paragraph 13 of Plaintiff's Complaint).

5. Accordingly, because of the complete diversity of citizenship between the parties and the amount in controversy, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and the action is removable under the provisions of 28 U.S.C. §§ 1441 and 1446.

6. Contemporaneously with the filing and service of this Notice of Removal and consistent with 28 U.S.C. § 1446(d), Syngenta has served its "Notice of Filing of Notice of Removal of Action to Federal Court," with a copy of this Notice of Removal, upon the Plaintiff and the Clerk of the Circuit Court for the County of St. Clair, State of Michigan.

WHEREFORE, Syngenta prays that the above action now pending in the Circuit Court for the County of St. Clair, State of Michigan be removed to the United States District Court for the Eastern District of Michigan.

                           Respectfully submitted,

                           **BUTZEL LONG**

                           By: _____

                           John E. Benko (P58874)
                           150 West Jefferson, Suite 100
                           Detroit, Michigan  48226
                           (313) 225-7000

Dated: January 3, 2008          *Counsel for Defendant Syngenta Crop Protection, Inc.*

OF COUNSEL:

Stanley B. Green
NC State Bar No. 25539
Dawn T. Mistretta
NC State Bar No. 31691
Womble Carlyle Sandridge & Rice, PLLC
*A Professional Limited Liability Company*
3500 One Wachovia Center
301 South College Street
Charlotte, North Carolina  28202-6037
Telephone:  704-331-4986
Facsimile:  704-343-4851
E-mail:  sgreen@wcsr.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused to be served a copy of the attached **NOTICE OF REMOVAL** by placing said copy in a postage paid envelope and addressed to the persons listed below at the referenced place and address and by depositing said envelope and its contents in the United States mail.

> Bernard P. Penzien
> 124 N. Almont Avenue
> Imlay City, MI   48444
> *Attorney for Plaintiff*

This the 3rd day of January, 2008.

*/s/ Carol J. Morin*
CAROL J. MORIN

976954



St. Clair County Court Docket Details                                              Page 1 of 1

**OPEN**
**07-003121-NP**    **JUDGE** KELLY           **File** 12/3/2007        **Adj Date**         **Close**

Party Info   Events                                                                          New Se

P 001    PETERS BROTHERS FARMS,,         **VS**    D 001    SYNGENTA CROP PROTECTION INC,,
         2807 STAPLETON ROAD                                1222 BUCKINGHAM RD.
         MEMPHIS, MI 48041                                  HASLETT, MI 48840
         ATY: PENZIEN,BERNARD P.,

         P-23325    (810) 724-6408

| Approved, SCAO | | | Original - Court  1st copy - Defendant | 2nd copy - Plaintiff  3rd copy - Return |
|---|---|---|---|---|
| STATE OF MICHIGAN  JUDICIAL DISTRICT  31ST JUDICIAL CIRCUIT | | SUMMONS AND COMPLAINT | | CASE NO.  K-07-003121-NP |

| Court address | 201 MCMORRAN BLVD., PORT HURON, MI 48060 | Court Telephone no. | 810-985-2200 |
|---|---|---|---|

| Plaintiff name(s), address(es), and telephone no(s). | | Defendant name(s), addresses(es), and telephone no(s). |
|---|---|---|
| PETERS BROTHERS FARMS, a Michigan Co-Partnership,  2807 STAPLETON ROAD, MEMPHIS, MI 48041 | v | SYNGENTA CROP PROTECTION, INC., a Foriegn Corporation, 1222 BUCKINHAM RD., HASLETT, MI 48840 |

Plaintiff attorney, bar no., address, and telephone no.
BERNARD P. PENZIEN (P23325) 124 N. ALMONT AVENUE,
IMLAY CITY, MI 48444 (810) 724-6408

**SUMMONS** | **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk | |
|---|---|---|---|
| 12-3-07 | 3-3-08 | | MARILYN DUNN |

*This summons is invalid unless served on or before its expiration date.

**COMPLAINT** | *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains  ☐ is no longer  pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has has been previously filed in _____ Court.
The action ☐ remains  ☐ is no longer  pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| MEMPHIS, MI | HASLETT, MI |
| Place where action arose or business conducted  ST. CLAIR COUNTY, MI | |

I declare that the complaint information above and attached is true to the best of my information, knowledge and belief.

Date _____  Signature of attorney/plaintiff

COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.
If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangements.
MC 01 (9/98) SUMMONS AND COMPLAINT   MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF ST. CLAIR

PETERS BROTHERS FARMS,
a Michigan Co-Partnership,

        Plaintiff,

vs.

SYNGENTA CROP PROTECTION, INC.
a Foreign Corporation,

        Defendant.

Case No. K-'07 0 0 3 7 2 1 NP
Hon. DANIEL J. KELLY

---

Bernard P. Penzien (P23325)
Attorney for Plaintiff
124 N. Almont Avenue
Imlay City, MI 48444
(810) 724-6408

## COMPLAINT

NOW COMES your Plaintiff, PETERS BROTHERS FARMS, a Co-Michigan Partnership, by and through its attorney, Bernard P. Penzien, and states unto this Honorable Court by way of a Complaint against the Defendant, SYNGENTA CROP PROTECTION, INC., as follows:

### GENERAL ALLEGATIONS

1. That the Plaintiff is a Michigan Co-Partnership doing business within the State of Michigan with its principal place of business located at 2807 Stapleton Road, Memphis, MI 48041. (Hereinafter referred to as "Peters".)

2. That the Defendant, Syngenta Crop Protection, Inc., is a duly incorporated corporation and is a foreign corporation and sells its products throughout the State of Michigan. (Hereinafter referred to as "Syngenta".)

3. That Peters have for a number of years been engaged in the business of farming with its principal crops being corn and soy beans with most of their farming activities being in the County of St. Clair.

4. That Syngenta is a manufacturer of a certain product by the name of Lumax Herbicide.

5. That Peters have treated their crops and more particularly corn with various chemicals for weed control and in the year 2007 used the Defendant, Syngenta's product called Lumax.

## COUNT I
## WARRANTY

6. That Plaintiff hereby incorporates paragraphs 1 - 5 in the general allegations to the same effect as if fully set forth herein.

7. That the Defendant's, by advertisements, oral representations and written warranties, represented that Lumax was an appropriate chemical to apply for weed control on corn.

8. That in consideration of the sale and as part of the contract the Defendant through their Michigan Representative did provide labels, oral statements, written warranties and did represent that Lumax was a safe and proper chemical to be used for weed control on corn grown on the Peters farms and did further represent that there would be no problem in rotating to soy beans in the 2008 crop year.

9. That as a result of said representations and warranties and the Plaintiff's reliance thereon, the Peters did purchase from Syngenta a sufficient quantity of Lumax to treat approximately 3,500 acres of corn.

10. That the Peters did treat approximately 3,500 acres of corn in accordance with

the specific recommendations for application.

11. That as a result of the application of Lumax to the 3,500 acres of corn, the Plaintiffs lost in excess of 500 acres of their corn crop and that the Lumax so damaged the remaining approximately 3,000 acres so that the Peters lost approximately 20% of the crop harvest.

12. That the said Lumax applied to Plaintiffs corn was specifically not as represented and not warranted, in fact, the Plaintiffs specific representation and warranty relative to the Peters being able to plant soy beans on the said acreage in the 2008 year was false and that Syngenta through their agents have now informed Peters that there would be a carry over and that under no circumstances should they follow up with soy beans in the 2008 year on any acreage where Lumax was applied, all contrary to the specific oral representation and the written warranties provided to the Peters prior to the purchase of the product and subsequent application.

13. That said warranties and oral representations were relied upon by the Peters and that as a result of the application of Lumax the Plaintiffs were damaged in an amount well in excess of One Hundred Thousand & 00/100 dollars ($100,000.00).

Wherefore Plaintiff prays for a Judgment together with costs, interest and attorney fees, in excess of One Hundred Thousand & 00/100 dollars ($100,000.00).

## COUNT II
## FITNESS FOR INTENDED USE

14. That Plaintiff hereby incorporates paragraphs 1 - 13 of the general allegations and of Count I to the same effect as if fully set forth herein.

15. That Peters prior to the purchase of the said Lumax did inform Syngenta and its agents employees that they intended to use the same for control of weeds on corn for

the year of 2007 and further that they intended to plant soy beans on the acreage in the 2008 crop year.

16. That Syngenta through its agents, servants and employees did indicated that Lumax was fit for Plaintiffs intended use as weed control on corn.

17. That the representations of Syngenta through its warranties and as made by agents and employees were false and as a result Plaintiff has been damaged as set forth above.

Wherefore Plaintiff prays for a Judgment together with costs, interest and attorney fees, in excess of One Hundred Thousand & 00/100 dollars ($100,000.00).

## COUNT III
## IMPLIED WARRANTY FOR FITNESS FOR A PARTICULAR PURPOSE

18. That Plaintiff hereby incorporates paragraphs 1 - 17 of the general allegations, Count I and Count II to the same effect as if fully set forth herein.

19. That the Peters did meet with an employee of the Defendant, Syngenta, and did then and there inform them that they were looking for a chemical for weed control on corn that was appropriate to apply without harming their corn crop and so they could follow up in the 2008 year with soy beans on the same ground.

20. That the Peters did rely on the Defendants skill and judgment in selecting and furnishing a chemical suitable for said purpose.

21. That Syngenta was at all times aware of Plaintiffs reliance on Syngentas skill and judgment in selecting and furnishing suitable goods.

22. That Syngenta specifically warranted that said Lumax was fit for the particular purpose of which it was required.

23. That Plaintiff's shortly after application knew that the said goods were defective

on sound and generally wholey unfit for the particular purpose required by Plaintiff.

24. That the Plaintiff immediately notified Syngenta of the breach of said warranty and formally revoked acceptance of the said goods.

25. That as a result Plaintiff has been damaged in an amount in excess of One Hundred Thousand & 00/100 dollars ($100,000.00).

WHEREFORE Plaintiff demands judgment for its damages as found by the trier of fact in such amount as shall be proven in excess of One Hundred Thousand & 00/100 dollars ($100,000.00).

Dated: 11-12-07

PETERS BROTHERS FARMS,
a Michigan Co-Partnership

By: _____

_____
BERNARD P. PENZIEN (P23325)
Attorney for Plaintiff
124 N. Almont Avenue
Imlay City, MI 48444
(810) 724-6408

DEC.10.2007 10:34 336 632 2012    SYNGENTA CROP PROTECTION    #5238 P.007/007

v. 11/04)

# CIVIL COVER SHEET
County in which this action arose __ST. CLAIR COUNTY__

, 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as ided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
PETERS BROTHERS FARMS, a Michigan Co-Partnership
2807 Stapleton Rd., Memphis, MI 48041

**(b)** County of Residence of First Listed Plaintiff __St. Clair County, Michigan__
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Bernard P. Penzien (P23325)
124 N. Almont Ave., Imlay City, MI 48444 (810) 724-6408

## DEFENDANTS
SYNGENTA CROP PROTECTION, INC., a Foreign Corporation
410 Swing Road, Greensboro, NC 27409-2012

County of Residence of First Listed Defendant __Guilford Cnty, N. Carolina__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
John E. Benko (P58874) Butzel Long, 150 W. Jefferson, Ste. 100, Detroit, MI 48226 (313) 225-7051

## II. BASIS OF JURISDICTION (Select One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Select One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☑ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Select One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☑ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE**
- ☐ 610
- ☐ 620
- ☐ 625
- ☐ 630
- ☐ 640
- ☐ 650
- ☐ 660
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

Case: 2:08-cv-10054
Judge: Zatkoff, Lawrence P
Referral MJ: Morgan, Virginia M
Filed: 01-03-2008 At 03:14 PM
REM PETERS BROTHERS FARMS V. SYNGENTA CORP (TAM)

**OTHER STATUTES**
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Select One Box Only)
- ☐ 1 Original Proceeding
- ☑ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C Sections 1441, 1446 and 28 U.S.C. Section 1332
Brief description of cause:
Product Liability Crop Damage Case

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ $100,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☑ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE
January 3, 2008

SIGNATURE OF ATTORNEY OF RECORD
[signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

rSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed? ☐ Yes ☑ No

 If yes, give the following information:

 Court: _____

 Case No.: _____

 Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.) ☐ Yes ☑ No

 If yes, give the following information:

 Court: _____

 Case No.: _____

 Judge: _____

Notes :